LICENSING OF PSYCHOLOGISTS Title 59 O.S. 1353 [59-1353] (1971), is part of the statutory provision of 59 O.S. 1351 [59-1351] (1971), et seq., creating, controlling and regulating the practice of psychology in the State of Oklahoma. It is the intent of Section 59 O.S. 1353 [59-1353](d) to allow unlicensed individuals to perform psychological services under the direct supervision of a licensed psychologist, after Board approval of such person's qualifications to perform such services. The intent of Article IV which is a rule adopted by the Board, is to outline the guidelines for individuals seeking licensure in the field of psychology to gain supervised experience from private practitioners. Said rule's purpose is to aid in the implementation of the general statutory provisions of the act creating the State Board of Examiners of Psychologists. Question No. 2 does not present sufficient facts to base a conclusive answer. Any complete response to this question would involve the creation of hypothetical factual situations and ultimately answering prospective questions. The proper province of this question lies with the Board in making its determination of approval for an unlicensed individual to perform psychological services for a licensed psychologist. Once approval has been granted by the Board, the matter of an unlicensed individual selling his skills to a licensed psychologist becomes a question governed by the general law of contract between the parties. The Attorney General has received your opinion request wherein you, in effect, ask the following questions: 1. What is the difference between the meaning and intent of 59 O.S. 1353 [59-1353] (1971), particularly subsection (d), and the meaning and intent of Article IV of the Rules of the State Board of Examiners of Psychologists? 2. What conditions, if any, would be legal for an unlicensed individual with special psychological skills to sell his skills (a technical product) to a licensed psychologist? In considering your first question relative to a clarification between 59 O.S. 1353 [59-1353] (1971), and Article IV of the Rules of the State Board of Examiners of Psychologists, Section 1353 requires licensure of persons representing to be psychologists or engaging in the practice of psychology after the first day of January, 1966. The above statute specifically excepts the following as provided: "(a) Nothing in this act shall be construed to prevent qualified members of other professions such as, but not limited to, physicians, social workers, or pastoral counselors from doing work of a psychological nature consistent with their training and consistent with the code of ethics of their respective professions provided they do not hold themselves out to the public by any title or description incorporating the words 'psychological', 'psychologist', or 'psychology'; or "(b) the activities, services, and use of an official title on the part of a person in the employ of a federal, state, county, or municipal agency, or of other political subdivisions, or a duly chartered educational or charitable institution insofar as such activities and services are a part of the duties of his office or position with such agency or institution; or "(c) The activities and services of a student, intern, or resident in psychology, pursuing a course of study at an accredited university or college, or working in a recognized training center, if these activities and services constitute a part of his supervised course of study; or "(d) The activities and services of a person who performs psychological services under the direct supervision of a licensed psychologist or psychiatrist, provided however that such person shall be subject to Board approval, and for whose activities and services the licensed psychologist or psychiatrist assumes full responsibility; or "(e) The activities and services of a person who is not a, resident of this state and who has not established offices in this state in rendering consulting or other psychological services when these activities and services are rendered for a period which does not exceed in the aggregate more than sixty days during any year if the person is authorized under the laws of the state or country of his residence to perform these activities and services; or "(f) The activities and services of a person who has recently become a resident of the state and has had his application for licensing with or without examination accepted by the Board, pending disposition of his application, if the person was authorized by the laws of the state or country of his former residence to perform such activities and services; or "(g) The activities and services of a person describing himself as a 'social psychologist' if he is verified to be one by the American Sociological Association." In response to your specific question and in the light of the background of information you outlined in your letter, it is clear from a plain reading of the above provisions that the State Board of Examiners of Psychologists acting pursuant to the provisions of sub-section (d) of Section 1353, has the authority to determine the qualifications of such persons requesting to perform psychological services under the direct supervision of a licensed psychologist. The factual situation outlined in your letter relative to individuals possessing formal training at the Master's Degree level and whose services a licensed psychologist would assume full responsibility, would come within the confines of sub-section (d) of Section 59 O.S. 1353 [59-1353](d), and therefore, must have Board approval to perform activities of a psychological nature. Title 59 O.S. 1351 [59-1351] (1971), et seq. is the "Psychologist Licensing Act". The statutory provisions contained in the Act, govern, control and regulate the practice of psychology in the State of Oklahoma. Article IV, relating to practice under supervision, contains rules of the State Board of Examiners of Psychologists. The Administrative Procedures Act, found at 75 O.S. 301 [75-301] (1971), et seq., defines "rule" as follows: " 'Rule' means any agency statement of general applicability and future effect that implements, interprets or prescribes substantive law or policy, or prescribes the procedure or practice requirements of the agency. The term includes the amendment or repeal of a prior rule but does not include (a) the issuance, renewal or denial of licenses; (b) the approval, disapproval or prescription of rates; (c) statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public; (d) interagency memoranda; or (e) declaratory rulings issued pursuant to Section 8." Thus, it is apparent that rules are adopted by agencies for the primary reason to aid in the implementation of the act creating the agency. Any rule, therefore, cannot conflict with the course, scope and objects of the statutory delegation of authority which underlies the regulation. See Dixon v. Zick, Colo.,500 P.2d 130. As to the difference of meaning and intent of Section 1353, and the meaning and intent of Article IV, it is clear that Article IV outlines the guidelines for individuals seeking licensure in psychology, and provides an opportunity for individuals to fulfill and meet the experience requirements for licensure in psychology in a setting other than academic, governmental or institutional. The guidelines set forth under the provisions of Article IV relating to practice under supervision of individuals seeking licensure from the State Board do not conflict with the statutory provisions of Section 1353(d) allowing an individual not seeking licensure from the Board to perform psychological services under the direct supervision of a licensed psychologist, provided, however that such person has prior Board approval to perform such services. In response to your second question regarding the conditions an unlicensed individual with special psychological skills can sell his skills to a licensed psychologist, the complete answer to your question involves the creation of hypothetical factual situations and the answers to ultimate prospective questions. Moreover, the proper province of this question ultimately involves the Board making a determination of approval for an unlicensed individual to perform services for a licensed psychologist. Once that approval is given by the Board, the matter of an unlicensed person selling his skills becomes a question governed by the general law of contract between the parties. It is, therefore, the opinion of the Attorney General that your first question be answered accordingly: Title 59 O.S. 1353 [59-1353] (1971), is part of the statutory provision of 59 O.S. 1351 [59-1351] (1971), et seq., creating, controlling and regulating the practice of psychology in the State of Oklahoma. It is the intent of Section 59 O.S. 1353 [59-1353](d) to allow unlicensed individuals to perform psychological services under the direct supervision of a licensed psychologist, after Board approval of such person's qualifications to perform such services. The intent of Article IV which is a rule adopted by the Board, is to outline the guidelines for individuals seeking licensure in the field of psychology to gain supervised experience from private practitioners. Said rule's purpose is to aid in the implementation of the general statutory provisions of the act creating the State Board of Examiners of Psychologists. Question No. 2 does not present sufficient facts to base a conclusive answer. Any complete response to this question would involve the creation of hypothetical factual situations and ultimately answering prospective questions. The proper province of this question lies with the Board in making its determination of approval for an unlicensed individual to perform psychological services for a licensed psychologist. Once approval has been granted by the Board, the matter of an unlicensed individual selling his skills to a licensed psychologist becomes a question governed by the general law of contract between the parties. (Nathan J. Gigger)